# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-60026
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 27, 2015

Lyle W. Cayce
Clerk

JIANGMEI ZHAN,

Petitioner

v.

LORETTA LYNCH, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 769 130

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jiangmei Zhan, a native and citizen of China, petitions this court for review of the Board of Immigration Appeals' (BIA) decision dismissing her appeal of the Immigration Judge's (IJ) denial of her applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). She contends that the BIA erred in affirming the IJ's decision to require corroborative evidence. Zhan also challenges the BIA's reliance on the IJ's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60026

determination that Zhan did not have a well-founded fear of future persecution.  Finally, Zhan argues that the BIA erred in affirming the IJ's denial of her claims for withholding of removal and CAT relief based solely on the denial of her asylum claim.

Because the BIA relied upon the IJ's adverse credibility decision, this court reviews both the IJ's decision and the order of the BIA.  *See Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009); *Zhu v. Gonzales*, 493 F.3d 588, 593-94 (5th Cir. 2007).  This court reviews findings of fact for substantial evidence.  *See Wang*, 569 F.3d at 536.  This court may not reverse factual findings unless "the evidence was so compelling that no reasonable factfinder could conclude against it."  *Id.* at 537.  Among the findings of fact that this court reviews for substantial evidence is the "factual conclusion" that an alien is not eligible for asylum, withholding of removal, or relief under the CAT.  *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).  Under this standard, reversal is improper unless the evidence compels a contrary conclusion.  *Id.*

We conclude that Zhan's various claims of error are meritless.  First, this court has rejected Zhan's contention that the BIA is not permitted to require corroboration.  *See Rui Yang v. Holder*, 664 F.3d 580, 585 (5th Cir. 2011) (noting that even if an asylum applicant has testified credibly, the BIA may require an applicant to provide corroborating evidence of her claim for asylum).  Here, the BIA determined that corroborative evidence was reasonably available but nevertheless not presented by Zhan.  We will not disturb that determination.  *See id.* at 587.  As to Zhan's withholding of removal and CAT protection claims, we find no error in the BIA's conclusions that the absence of corroborating evidence was fatal to these claims as well. Finally, Zhan's contention that the BIA erred in relying on the IJ's analysis of Zhan's well-founded fear of future persecution is simply not supported by the record.

No. 15-60026

Rather, the record reflects that the BIA explicitly disclaimed any reliance on that aspect of the IJ's analysis.

Zhan's petition for review is DENIED.